IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHASE MILLER | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-00622 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REVERSED/and REMANDED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II of the Social Security Act on September 25, 2006, claiming entitlement to disability benefits due to hepatitis C, right shoulder surgery, anxiety, and depression. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on February 5, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's medical expert, John Vorhies Jr., M.D., and the ALJ's vocational expert, Evelyn Hartman, testified.

On February 29, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on August 29, 2011.

Therefore, the February 28, 2008 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since April 1, 2006 the alleged onset sate (20 C.F.R. 404.152(b) and 404.1571 *et seq.*

3. The claimant has the following severe impairments: Hepatitis C; history of right shoulder surgery; depression; and anxiety (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, found claimant has the residual functional capacity to perform light work: lift/carry 20 pounds occasionally and 10 pounds frequently; sit six hours in an eight-hour workday; stand and/or walk six hours in an eight-hour workday; and occasionally reach overhead with the right upper extremity. The claimant also has the ability to understand, remember and follow simple and detailed instructions and complete repetitive tasks.

6. The claimant is capable of performing past relevant work as a light security patrol/merchant patroller. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404-1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2006 through the date of this decision (20 C.F.R. 404.1520(f)).

(Tr. 21-25).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff's first point of error is that the ALJ's residual functional capacity (RFC) assessment is not supported by substantial evidence.

At the fourth and fifth steps of the sequential evaluation, the ALJ must determine the claimant's residual functional capacity, which is defined as the most the claimant can do despite his or her impairments; the ALJ must then determine whether, based on the claimant's residual functional capacity, he can perform either his past work or other work. 20 C.F.R. §§ 404.1545(a)(5), 416.925(a)(5). In determining residual functional capacity, the Commissioner considers the individual's ability to meet the physical and mental demands, sensory requirements, and other requirements of work. 20 C.F.R. §§ 404.1545(a)(4), 416.945(a)(4). The claimant's residual functional capacity must be based on all the relevant evidence in the claimant's case record. *Id*. An ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions. *Ripley v. Chater,* 67 F.3d 552, 557–558 (5th Cir. 1995) (substantial evidence lacking where no medical assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart,* Case Number 03–31052 (5th Cir. 2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence). *See also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

As Plaintiff notes, an ALJ may rely upon examining or non-examining physicians' opinions when making a RFC finding. *See Bradley v. Bowen*, 809 F.2d 1054,1057 (5th Cir. 1987). However, unless sufficient reason is demonstrated, a treating physician should be given greater weight due to the physician's familiarity with the claimant's condition. *Leggert v. Chater*, 67 F.3d 558,556 (5th Cir. 1999). Plaintiff contends that the ALJ improperly rejected the opinion of Miller's treating

physician, Dr. McDonough, and instead relied on opinions of the non-examining doctors. Dr. McDonough opines that the claimant cannot do even sedentary work in the questionnaire he filled out. *See* 18F. This, in the doctor's opinion, is due to his chronic fatigue related to Hepatitis C and pain from a prior shoulder operation. The ALJ rejects the doctor's opinion because he was not treating him for Hepatitis C, and the records reviewed by the ALJ showed a denial of any shoulder pain. His work history also is noted by the ALJ as a factor in the ALJ's discrediting Plaintiff's symptoms of pain. The ALJ also cites to the X-ray studies.

A review of Dr. McDonough's records indicate few complaints as to fatigue or pain. Most of the visits were unrelated to the conditions that the ALJ found to be severe. That is not to say that Plaintiff was not experiencing fatigue in his treatment for Hepatitis C. His treatment records do reflect some complaints with fatigue. However, as the ALJ noted, Dr. McDonough did not treat him for his Hepatitis C.

The records of Texoma Gastroenterology Consultants note that he was complaining of fatigue, although the last record of his visit notes he is feeling better. Claimant stated that he quit the therapy after seven months because his doctors were worried he might have a heart attack. Claimant stated that he was still plagued by fatigue. The consultative examiner, Dr. Williamson, as well as the ME, Dr. Vorhies, stated that the medication used to treat his condition could be expected to cause fatigue but the effects should cease very soon after stopping treatment.

In August 2007, he reports that he is off treatment for his Hepatitis C and feeling a little better. However, a few weeks later he complains of fatigue. He also complains of shoulder pain. The last recorded visit is for an ear infection which he experienced often, according to the records.

The ALJ discounts Claimant's shoulder pain in that there are records where Claimant denies pain. One of the records noted by the ALJ at 16/F 2 contains a notation of chronic shoulder pain.

6

Exhibit 16F/8 notes chronic pain due to his shoulder problem. Exhibit 16F/14 notes that he is taking hydrocodone on a daily basis.

The Court cannot determine whether the Claimant denied pain as noted by the ALJ at 16/F32. The copy of the record is poor, but the Court does not find a reference to denial of pain. Most of Barkley's records note chronic pain as a problem for the Claimant. Although he stopped pain medication briefly, the records note he was back on pain medication before he stopped treatment for Hepatitis C. The ALJ's cite to 1F/22 is equally puzzling in that the record only addresses the Claimant's liver biopsy not any shoulder pain.

Dr. Williamson's report does not support the ALJ's assessment. Dr. Williamson opines that given the Claimant's shoulder problem, the patient would likely have some difficulty with jobs requiring lifting and carrying. He also notes that the Claimant has decreased range of motion and decreased right arm strength.

The ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position. *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). The Court believes that a remand is necessary to consider the total record including Claimant's claim of shoulder pain and continuing fatigue.

Pursuant to the foregoing, the decision of the Administrative Law Judge is REVERSED and REMANDED.

**SO ORDERED**.

**SIGNED this 19th day of August, 2013.**

                                                  DON D. BUSH
                                                  UNITED STATES MAGISTRATE JUDGE